The STATE of Ohio, Appellant,

v.

HAKEEM, Appellee.

[Cite as *State v. Hakeem* (1990), 61 Ohio App.3d 187.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59663.

Decided Nov. 19, 1990.

*John T. Corrigan,* prosecuting attorney, and *Denise Cameron,* for plaintiff-appellant.

*Ralph J. Perk, Jr.,* for defendant-appellee.

---

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. This case is a

timely appeal from the trial court's granting of a motion to suppress physical evidence.

■    The police officer's initial investigative stop of appellee's car based on a police radio broadcast of a robbery suspect was proper under *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, since both the robbery suspect and appellee, Jameel Hakeem, were observed to be wearing a red-hooded sweatshirt.  However, we agree with the trial court that the officer's reasonable suspicion that appellee was involved in criminal activity dissipated when appellee exited his vehicle and, being 5′6″ tall, did not resemble the 6′2″ tall robbery suspect.  See *id.*  Once it was determined that appellee was not a suspect, the officers had no lawful right to conduct a warrantless search of appellee's vehicle.  See *id.*

■    While the officer testified the suspected cocaine was observed in plain view, the appellee's testimony indicates the suspected cocaine, pager and car phone were only discovered after the police officers opened the car door and had searched the vehicle for several minutes.  Thus, competent credible evidence exists to support a finding that the "plain view" exception does not apply here.  *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578; *State v. Williams* (1978), 55 Ohio St.2d 82, 9 O.O.3d 81, 377 N.E.2d 1013.  Therefore, we find the trial court did not err in granting appellee's motion to suppress evidence.

Assignments of Error I and II are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN V. CORRIGAN, P.J., NAHRA and FRANCIS E. SWEENEY, JJ., concur.